IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CARL BILLY KIZZIAH,**        )<br>                              )<br>    Petitioner,              )<br>                              )           **7:23-cv-08026-LSC**<br>    vs.                       )           **(7:21-cr-00383-LSC)**<br>                              )<br>**UNITED STATES OF AMERICA,**     )<br>                              )<br>    Respondent.               )<br>                              ) | |

**MEMORANDUM OF OPINION**

## I.   Introduction

Before this Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Carl Billy Kizziah ("Kizziah" or "Petitioner") on August 15, 2023, and entered by the clerk on August 31, 2023. (Doc. 1.) Kizziah filed an amended motion on September 14, 2023, and it was entered by the clerk on September 27, 2023. (Doc. 4.) Kizziah claims that his counsel was ineffective for failing to file an appeal when requested to do so. For the reasons set forth below, an evidentiary hearing is due to be set for this § 2255 motion.

## II.  Background

Kizziah was charged with three counts in an indictment: 1) conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A), 2) distribution of five grams

or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 3) possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Cr. Doc. 1.)[1] Petitioner was appointed an attorney from the Federal Public Defender's Office and had his arraignment set. (Cr. Doc. Minute Entry 5 and 8.)

On February 2, 2019, Petitioner entered into a plea agreement and pled guilty to the three counts detailed above. (Cr. Doc. 16.) In exchange for his guilty plea, the government agreed to recommend a sentence on the low end of the advisory United States Sentencing Guidelines. (*Id*. at 1, 6.) Petitioner appeared for sentencing on August 31, 2022 and this Court sentenced him to 150 months. (Cr. Doc. 31 at 2.) This sentence was within the sentencing guidelines range of 120 to 150 months calculated by the probation office and adopted by the Court. (Cr. Doc. 30 at 30.)

## III. Timeliness and Non-Successive Nature of Minter's Section 2255 Motion

Petitioner filed his § 2255 Motion alleging ineffective assistance of counsel on August 15, 2023. (Doc. 1.) That Motion was his first under § 2255 and was timely filed within one year of his judgment becoming final. 28 U.S.C. § 2255(f)(1).

## IV. Standard

In litigation stemming from a § 2255 motion, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported

---

[1] "Cr. Doc." refers to documents in the underlying criminal action: 7:21-cr-00383-LSC.

generalizations. Nor is a hearing required where the…[movant's] allegations are affirmatively contradicted by the record.'" *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

However, it is appropriate for the Court to conduct an evidentiary hearing if, "'accept[ing] all of the…[movant's] alleged facts as true,'" the movant has "'allege[d] facts which, if proven, would entitle him to relief.'" *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (internal citations omitted).

## V. Discussion

Kizziah asserts one ground of ineffective assistance of counsel in his § 2255 motion: his attorney failed to file a notice of appeal even though Kizziah directed him to do so. An evidentiary hearing is necessary as to this claim.

An ineffective counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Eleventh Circuit has held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable. Prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 789 (11th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 477). In this

situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, he would have appealed. *Id*. at 792-93.

Kizziah asserts that his defense counsel's performance was constitutionally deficient because he "immediately requested to appeal" and then later "discovered that there was no appeal pending in [his] case." (Doc. 4 at 17-18.) The Government has filed an affidavit by James Gibson, Kizziah's federal public defender in this case, stating "Mr. Kizziah did not request that I file an appeal on his behalf. Had he made such a request, I would have done so." (Doc. 7, Attachment 1.) Because Kizziah's assertions contradict Mr. Gibson's assertion, this claim cannot be resolved on the existing record. Thus, there appears to be a direct conflict between Petitioner's position on the issue of appeal and Counsel's position. Accordingly, the Court will set this issue for a hearing at which it will take testimony on this issue.

## VI. Conclusion

For the foregoing reasons, Kizziah's § 2255 motion is hereby **RESERVED** for an evidentiary hearing, date, time and place to be set by separate order.

**DONE** and **ORDERED** on October 13, 2023.

L. Scott Coogler
United States District Judge        215708